IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

     Plaintiff,                   No. 2:08-cv-3176 WBS JFM (PC)

   vs.

MIKE KNOWLES, et al.,

     Defendants.             <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, filed December 31, 2008, plaintiff claims that his federal constitutional and statutory rights have been violated by prison officials at California Medical Facility (CMF) who have denied him access to sign language classes. Plaintiff alleges that he has a hearing impairment that was a side effect of brain surgery. Plaintiff also alleges that he suffers from numerous other medical and psychological difficulties.

         In March 2009, the court ordered the United States Marshal to serve process on several defendants. On May 18, 2009, defendants moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend, <u>inter alia</u>, that plaintiff 's request for injunctive relief under the Americans with Disabilities Act and the Rehabilitation Act is barred because he is a member of the class in <u>Armstrong v. Schwarzenegger</u>, a class action filed in the United States

1

District Court for the Northern District of California. That motion has been fully briefed. Since then, plaintiff has filed several motions for extension of time, for appointment of counsel, to be placed in the custody of the court, and for court orders concerning alleged harassment of his wife by correctional staff.

On November 13, 2009, plaintiff filed a motion for a ninety day extension of time predicated on the fact that plaintiff has recently been approved to undergo several medical tests at the University of San Francisco. On November 18, 2009, plaintiff filed a motion for leave to amend his complaint to add a claim against a physician who is allegedly retaliating against petitioner's wife. On the same day, plaintiff filed a document in which he states that he "has come to a point in life for not being treated for his psychological and neurological needs that has become to much for [him] to live anymore" and that he wants to die. The court has sent the latter document to the special master in Coleman v. Schwarzenegger, who has informed the court that plaintiff has been transferred to a mental health facility.

After review of the record, and good cause appearing, all pending motions, including defendants' motion to dismiss will be denied without prejudice. The Clerk of the Court will be directed to send a copy of this order to counsel for the Armstrong plaintiffs and to counsel for the plaintiff class in Coleman v. Wilson, No. 2:90-cv-0520 LKK JFM (PC). Within ten days from the date of this order, counsel for the Armstrong plaintiffs and counsel for the Coleman plaintiffs shall advise the court whether they deem plaintiff to be a member of either or both plaintiff classes. Within the same time frame, counsel for defendants shall advise the court in writing of the date of plaintiff's medical testing at the University of San Francisco.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' May 18, 2009 motion to dismiss is denied without prejudice;

2. Plaintiff's July 20, 2009 and September 10, 2009 motions for appointment of counsel are denied without prejudice;

3. Plaintiff's November 18, 2009 motion to amend is denied without prejudice;

4. Plaintiff's July 24, 2009 motion is denied;

5. Plaintiff's October 8, 2009 motion is denied;

6. Plaintiff's July 6, 2009, July 20, 2009, August 14, 2009, and November 13, 2009 motions for extension of time are granted in part;

7. The Clerk of the Court is directed to send a copy of this order to Sara Norman, Esq. and Allison Hardy, Esq., Prison Law Office, 1917 Fifth Street, Berkeley, California 94710;

8. The Clerk of the Court is directed to send a copy of this order to Amy Whelan, Esq., Rosen, Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor, San Francisco, California 94104-1823;

9. The Clerk of the Court is directed to take all steps necessary to make the electronic record in this action available to the counsel identified in paragraphs 7 and 8 of this order;

10. Within ten days from the date of this order, Sara Norman, Esq. and Amy Whelan, Esq. shall advise the court whether plaintiff is a member of the <u>Armstrong</u> class, the <u>Coleman</u> class, or both; and

11. Within ten days from the date of this order, counsel for defendants shall advise the court in writing of the date scheduled for plaintiff's medical testing at the University of San Francisco.

DATED: December 1, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
tuns3176.eo