IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                    No. 2:08-cv-3176-WBS-JFM (PC)

    vs.

MIKE KNOWLES, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

                              /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant officials at California Medical Facility (CMF) have violated his federal constitutional and statutory rights by denying him access to sign language classes. Multiple motions for injunctive relief filed by plaintiff are pending before the court. The motions raise various allegations of retaliation, denial of access to the law library, denial of necessary medical care, and denial of access to legal materials. Plaintiff seeks court orders that, inter alia, require prison officials to provide him with copies of his medical records, to transport him to an outside hospital for medical treatment, to return his legal materials to him, to allow him access to the prison law library, to transfer him to the custody of this court, and a for a "no contact order" against a correctional officer.

          The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on

the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

        Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).[1]

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in

Because most of the contentions raised in plaintiff's motions for injunctive relief are not cognizable as part of the underlying complaint, they will not be given a hearing on the merits at trial.  Further, the claims implied in those motions do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach prison officials who are not named as defendants in the underlying litigation.  See footnote 2, supra.

To the extent that plaintiff's motions are predicated on allegations that might suggest interference with his ability to prosecute this action, the record before this court amply demonstrates that plaintiff has not suffered cognizable harm to his ability to pursue the claims raised in his complaint.

For the foregoing reasons, plaintiff's motions for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's December 17, 2009 motion be denied;

2.  Plaintiff's December 28, 2009 motion be denied;

3.  Plaintiff's January 5, 2010 motion be denied;

4.  Plaintiff's January 21, 2010 motion for injunctive relief be denied;

5.  Plaintiff's March 4, 2010 motion for injunctive relief be denied;

6.  Plaintiff's March 22, 2010 motion for injunctive relief be denied;

7.  Plaintiff's March 29, 2010 motion for injunctive relief be denied;

8.  Plaintiff's March 31, 2010 motion for injunctive relief be denied;

9.  Plaintiff's April 2, 2010 motion for injunctive relief be denied;

10.  Plaintiff's April 15, 2010 motion for injunctive relief be denied;

11.  Plaintiff's April 28, 2010 motion for injunctive relief be denied;

12.  Plaintiff's June 3, 2010 motion for injunctive relief be denied;

---

appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

13. Plaintiff's July 8, 2010 motions for injunctive relief be denied;

14. Plaintiff's July 26, 2010 motion for injunctive relief be denied;

15. Plaintiff's July 27, 2010 motion for injunctive relief be denied;

16. Plaintiff's July 30, 2010 motion for injunctive relief be denied; and

17. Plaintiff's August 3, 2010 motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2010.

UNITED STATES MAGISTRATE JUDGE

12
tuns3176.injs