IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                   No. 2:08-cv-3176-WBS-JFM (PC)

    vs.

MIKE KNOWLES, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant prison officials at California Medical Facility (CMF) have violated his federal constitutional and statutory rights by denying him access to sign language classes. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes,

416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint, filed December 31, 2008, contains the following allegations. Plaintiff alleges that he is hearing impaired and has suffered discrimination as a result.  Plaintiff is totally medically disabled due to a chronic seizure disorder and therefore cannot work around sharp objects.  For that reason, plaintiff does not qualify for any of the vocation trade programs offered at California Medical Facility (CMF) and has not been able to meet that program requirement for parole.  Plaintiff was denied access to sign language classes by defendants, all of whom have the authority to make such classes, which were once offered at CMF, available. Plaintiff is being denied access to sign language classes because he allegedly has a G.E.D., but the institution claims that he received the G.E.D. on a date when he was twenty days old.  The communication difficulties plaintiff experiences affect not only his ability to program and qualify for parole, but his participation in psychiatric groups and mental health programs, as well as his ability to communicate about multiple medical issues that he has secondary to brain surgery.

Plaintiff raises claims under the due process and equal protection clauses of the United States Constitution, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (RA).  He seeks money damages and injunctive relief.

/////

/////

DEFENDANTS' MOTION

I. Failure to State a Claim Under the ADA or the RA

Defendants' first contention is that plaintiff has failed to state a cognizable claim for relief under either the ADA or the RA because he has failed to allege that any of the defendants have discriminated against him because of his disability.  Defendants contend that plaintiff alleges, instead, that he is denied participation in the sign language classes because he has a G.E.D. and because of his chronic seizure disorder.  Defendants also contend that plaintiff has not alleged that defendants knew plaintiff had a federally protected right to take sign language classes and that they knew that not offering the classes would likely deny plaintiff that entitlement, and that they failed to act despite such knowledge.

In order to state a claim under Title II of the ADA,

> plaintiff must allege four elements:  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  The elements of a Rehabilitation Act claim are "'materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance--which the [California] prison system admittedly does....'" Armstrong v. Davis, 275 F.3d 849, 862 n.17 (9th Cir. 2001).

Defendants' argument misses the mark.  Plaintiff alleges throughout his complaint that he is being denied access to vocational and other programming and is also being denied an opportunity to satisfy prerequisites to parole because of his hearing impairment and his chronic seizure disorder.  Plaintiff alleges that he sought access to sign language classes as a request for accommodation of the hearing impairment and that his request was denied by defendants, in part

/////

because plaintiff has a G.E.D.[1]  Plaintiff has plainly alleged that he is being denied access to services, programs and activities because of his hearing impairment.  Plaintiff has adequately state a claim under the ADA and the Rehabilitation Act.

II.  Request for Prospective Injunctive Relief

Defendants next contend that because plaintiff is a member of the class certified in Armstrong v. Schwarzenegger, an action in the United States District Court for the Northern District of California, he cannot maintain a separate suit for equitable relief.  In support of this aspect of their motion, defendants request that the court take judicial notice of the Armstrong consent decree, the court ordered remedial plans, and the permanent injunction entered in that action.  Good cause appearing, that request will be granted.

Plaintiff is a member of the Armstrong class.  See Document # 49, Letter from Amy Whelan, Esq. and Sara Norman, Esq, filed December 4, 2009.  The remedial order entered in Armstrong was based on findings of violations of the ADA and the RA.  Ex. 1 to Defendants' Request for Judicial Notice, filed June 17, 2009.  The court ordered remedial plan in Armstrong covers hearing impaired inmates and contains specific provisions for "reasonable accommodation" to "ensure equally effective communication with staff, other inmates, and where applicable, the public," as well as "communication implicating due process and delivery of health care."  Ex. 3 to Defendants' Request for Judicial Notice, Armstrong v. Davis, Court Ordered Remedial Plan, Amended January 3, 2001, at 4.  Thus, plaintiff's request for injunctive

---

[1] Specifically, plaintiff alleges that defendants rely on a G.E.D. allegedly earned by plaintiff in 1957, when he was twenty days old, to justify their refusal to grant his request to attend sign language classes.  It is reasonable to infer from this that plaintiff is alleging that the denial of his request was pretextual.  Why possession of a G.E.D. would preclude access to sign language classes is not entirely clear from the record before this court.  Cf. First Level Appeal Response, Log Number CMF-M-08-2209, dated July 29, 2008, a copy of which is included in Exhibit A to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed January 21, 2010 ("Although access to Sign Language training is outside the scope of the MHSDS program, consultation with DDP instructor Mr. Hudson in the CMF education department revealed that, if UCC assigns you to an ABE3 or GED program, you could be eligible to be pulled out for half a day each day that you attend classes to participate in the DPP program.  This program provides sign language training and support for the educational program to which inmates are assigned.")

1  relief under the ADA and the RA to accommodate his hearing impairment must proceed through
2  the remedial process in Armstrong and his claims for injunctive relief under those statutes must
3  be dismissed.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).
4  III.  Equal Protection
5         Defendants next contend that plaintiff has failed to state a cognizable claim under
6  the equal protection clause because he has failed to allege either that he is a member of a
7  protected class or that defendants have discriminated against him based on that class
8  membership.  It is true that plaintiff does not allege facts which would support a "traditional
9  claim under the Equal Protection Clause based on some suspect classification or the violation of
10 a fundamental right."  Jackson v. Burke, 256 F.3d 93, 96 (2nd Cir. 2001).  Liberally construed,
11 however, plaintiff stated a cognizable equal protection claim as a "'class of one'".  Village of
12 Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Such a claim is stated by a plaintiff who
13 "alleges that []he has been intentionally treated differently from others similarly situated and that
14 there is no rational basis for the difference in treatment."  Id.  Here, plaintiff alleges that there are
15 sign language classes available for the hearing impaired, but he is being denied access to those
16 classes.  See Complaint, at 3.  As noted in section I, supra, plaintiff's allegations support an
17 inference that there is no rational basis for denying him access to these classes.  Accordingly,
18 defendants' motion to dismiss should be denied as to plaintiff's equal protection claim.
19 IV.  Liability for Processing Administrative Appeals/Qualified Immunity
20        Defendants next contend that they are only alleged to have violated plaintiff's
21 rights under the ADA and the RA in connection with processing his administrative appeals and
22 that acts or omissions involved in processing an administrative appeal cannot form the basis for
23 substantive liability in this § 1983 action.  In the alternative, they contend that they are entitled to
24 qualified immunity for the same reason.  Again, defendants' arguments miss the mark.  Plaintiff
25 does not seek relief for any alleged failure to process an administrative appeal.  Cf. Buckley v.
26 Barlow, 997 F.2d 494, 495 (9th Cir. 1993).  Plaintiff's claim is that, by denying his grievances,

1  defendants participated in the denial of his request to accommodate his hearing impairment and,
2  therefore, in the alleged violations of his federal constitutional and statutory rights.  Defendants
3  are not entitled to dismissal on these grounds.
4         For all of the foregoing reasons, defendants' motion to dismiss should be granted
5  as to plaintiff's request for prospective injunctive relief under the ADA and the RA and denied in
6  all other respects.  Plaintiff's request for prospective injunctive relief under the ADA and the RA
7  should be dismissed, and this action should proceed on plaintiff's claims for relief under the
8  equal protection clause[2] and for money damages under the ADA and the RA.
9         In accordance with the above, IT IS HEREBY RECOMMENDED that:
10         1. Defendants' January 8, 2010 motion to dismiss be granted in part and denied in
11  part;
12         2. Plaintiff's request for prospective injunctive relief on his claims under the
13  ADA and the RA be dismissed without prejudice to his right to seek relief as a member of the
14  class in Armstrong v. Davis; and
15         3. Defendants be directed to file an answer to plaintiff's claims under the ADA,
16  the RA, and the equal protection clause within ten days from the date of any order by the district
17  court adopting these findings and recommendations.
18         These findings and recommendations are submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
20  days after being served with these findings and recommendations, any party may file written
21  objections with the court and serve a copy on all parties.  Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
23  objections shall be filed and served within fourteen days after service of the objections.  The

---

[2] The parties have not briefed the question of whether plaintiff's membership in the Armstrong class precludes him from seeking injunctive relief on the constitutional claim raised in this action.  That question should be addressed at a subsequent stage of these proceedings.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
tuns3176.mtd