1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ROBERT TUNSTALL,

10            Plaintiff,                No. 2:08-cv-3176-WBS-JFM (PC)

11       vs.

12   MIKE KNOWLES, et al.,

13            Defendants.              FINDINGS & RECOMMENDATIONS

14   _____/

15           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  Plaintiff claims defendant officials at California Medical Facility (CMF) have

17   violated his federal constitutional and statutory rights by denying him access to sign language

18   classes.  On August 11, 2010, plaintiff filed a motion for injunctive relief.  Plaintiff seeks a court

19   order requiring Kathleen Dickinson, the Warden of CMF to provide plaintiff "with a hair cut,

20   cosmetics, the same privileges as other inmates" and to release him from administrative

21   segregation.  Motion for Injunctive Relief, filed August 11, 2010, at 2.

22           The legal principles applicable to a request for preliminary injunctive relief are

23   well established.  To prevail, the moving party must show either "(1) a likelihood of success on

24   the merits and the possibility of irreparable injury, or (2) the existence of serious questions going

25   to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland

26   Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985),

1

1   quoting <u>Apple Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984);

2   <u>see</u> <u>also</u> <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations

3   represent two points on a sliding scale with the focal point being the degree of irreparable injury

4   shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must

5   demonstrate that there exists a significant threat of irreparable injury."  <u>Id</u>.  In the absence of a

6   significant showing of irreparability, the court need not reach the issue of likelihood of success

7   on the merits.  <u>Id</u>.

8            Initially, the principal purpose of preliminary injunctive relief is to preserve the

9   court's power to render a meaningful decision after a trial on the merits.  <u>See</u> C. Wright & A.

10  Miller, 11 <u>Federal Practice and Procedure</u>, §2947 (1973).  In addition to demonstrating that he

11  will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must

12  show a "fair chance of success on the merits" of his claim.  <u>Sports Form, Inc. v. United Press</u>

13  <u>International, Inc.</u>, 686 F.2d 750, 754 (9th Cir. 1982), <u>quoting</u> <u>Benda v. Grand Lodge of</u>

14  <u>International Association of Machinists and Aerospace Workers</u>, 584 F.2d 308, 315 (9th Cir.

15  1979).  Implicit in this required showing is that the relief awarded is only temporary and there

16  will be a full hearing on the merits of the claims raised in the injunction when the action is

17  brought to trial.

18           Because the contentions raised in plaintiff's motion for injunctive relief are not

19  cognizable as part of the underlying complaint, they will not be given a hearing on the merits at

20  trial.  Accordingly, plaintiff's motion for injunctive relief should be denied.

21           In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's

22  August 11, 2010 motion for injunctive relief be denied.

23           These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be filed and served within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: October 1, 2010.

6

7   UNITED STATES MAGISTRATE JUDGE

8

9   12
10   tuns3176.inj

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26