IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                    No. 2:08-cv-3176 WBS JFM (PC)

  vs.

MIKE KNOWLES, et al.,

    Defendants.             <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se in this civil rights action for relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendant prison officials at California Medical Facility (CMF) have violated his federal constitutional and statutory rights by denying him access to sign language classes.  Several matters are pending before the court.

        On October 28, 2010, plaintiff filed a document, styled as a motion, in which plaintiff appears to state that he mistakenly failed to attach a proof of service to discovery responses that he sent to defendants in response to discovery requests that they had propounded. Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed

1

with the court unless, and until, they are at issue. The document filed by plaintiff on October 28, 2010 will be placed in the court file and disregarded.

On November 1, 2010, plaintiff filed a motion styled as a motion for a sixty day extension of time to file any response to the court or defendants. It appears that plaintiff, by this motion, sought a stay of this action from October 28, 2010 to December 28, 2010 during which time he was scheduled for a full neurological evaluation. The only deadline set in this action that was to expire during that period was the deadline for service of discovery requests, which were to be served sixty days prior to January 7, 2011. See Discovery and Scheduling Order filed September 23, 2010. On December 30, 2010, January 12, 2011, and January 27, 2011 plaintiff filed documents, styled as motions, which appear to be requests primarily for production of documents directed to defendants. On January 5, 2011, plaintiff filed another document styled as a motion for a sixty day extension of time, which appears to be a request for an extension of time to conduct discovery. Good cause appearing, plaintiff's November 1, 2010 and January 5, 2011 motions will be granted in part. Defendants will be directed to serve on plaintiff, within forty-five days from the date of this order, responses to the discovery requests filed on December 30, 2010, January 12, 2011, and January 27, 2011.

On January 4, 2011, plaintiff filed another document styled as a motion for a sixty day extension of time. By that motion, it appears that plaintiff seeks a copy of the scheduling order filed in this action. Good cause appearing, the Clerk of the Court will be directed to serve a copy of that order on plaintiff.

On January 4, 2011, plaintiff filed a document styled as a motion by which he asks defendants to produce documents and expert witnesses on various subjects. On January 5, 2011, plaintiff filed a document styled as a motion for discovery, by which plaintiff asks defendants to provide several expert witnesses, and to produce documents "that Dr. Prosise. Did not state that plaintiff is hard of hearing." Defendants do not have an obligation to produce

/////

expert witnesses, and plaintiff's fourth request in the latter document is unclear.  These documents will be placed in the court file and disregarded.

On January 13, 2011, plaintiff filed a motion to compel discovery responses. Plaintiff seeks to compel responses to discovery propounded after the deadline for service of discovery requests set in the September 23, 2010 scheduling order.  For the reasons set forth, <u>supra</u>, defendants will be required to respond to certain discovery requests pursuant to this order. The discovery requests at issue were served after the time for service of discovery requests had expired, and plaintiff's motion to compel was filed before the court had ruled on plaintiff's requests to extend the time for service of discovery requests.  Plaintiff's motion to compel is premature and will therefore be denied.[1]

On January 19, 2011, plaintiff filed a motion for a court order requiring plaintiff's correctional counselor to make arrangements for plaintiff to review his deposition transcript. Good cause appearing, defendants will be directed to respond to this motion within ten days.

On December 23, 2010, plaintiff filed a document styled as a motion.  That document contains allegations unrelated to the claims on which this action is proceeding.  It will be placed in the court file and disregarded.  On February 1, 2011, plaintiff filed a document styled as a motion for production of documents.  By the motion, plaintiff appears to seek production of evidence by defendants proving that they did not violate plaintiff's "constitutional rights to the freedom of speech" in denying him sign language classes.  Plaintiff has not raised a First Amendment claim in this action and it does not appear that he has, by his February 1, 2011, requested any cognizable relief from the court.  That document will be placed in the file and disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] In opposition to this motion, defendants request that plaintiff "be sanctioned accordingly as this Court sees fit" for filing numerous discovery requests and responses.  That request will be denied.

1. The documents filed by plaintiff on October 28, 2010 (Docket # 107) December 23, 2011 (Docket # 113), January 4, 2011 (Docket # 117), January 5, 2011 (Docket # 120), and February 1, 2011 (Docket # 126) shall be placed in the court file and disregarded;

2. Plaintiff's November 1, 2010 and January 5, 2011 motions for extension of time are granted in part;

3. The documents filed by plaintiff on December 30, 2011 (Docket # 114), January 12, 2011 (Docket # 121) and January 27, 2011 (Docket # 124) are construed as requests for production of documents and, so construed, defendants shall serve responses to those requests on plaintiff within forty-five days from the date of this order;

4. Except as expressly required by this order, discovery is closed;

5. Plaintiff's January 4, 2011 motion for extension of time (Docket # 116) is construed as a request for a copy of the scheduling order filed in this action and, so construed, is granted;

6. The Clerk of the Court is directed to send plaintiff a copy of the discovery and scheduling order filed in this action on September 23, 2010;

7. Plaintiff's January 13, 2011 motion to compel is denied;

8. Defendants' February 1, 2011 request for sanctions is denied;

9. Within ten days from the date of this order defendants shall file and serve a response to plaintiff's request for a court order concerning review of his deposition transcript (Docket # 123).

DATED: February 9, 2011.

UNITED STATES MAGISTRATE JUDGE

12
tuns3176.o