IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                  No. 2:08-cv-3176 WBS JFM (PC)

    vs.

MIKE KNOWLES, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 19, 2011, plaintiff filed a motion for a court order requiring a correctional counselor at California Medical Facility to permit him to review his deposition transcript. By order filed February 10, 2011, defendants were directed to respond to that motion within ten days. On February 16, 2011, defendants filed an opposition to the motion. With their response, defendants present evidence that plaintiff has received the transcript, reviewed, and sent changes back to the court reporting agency. See Declaration of Matthew W. Kubicek in Support of Opposition to Motion for Court Order, at ¶ 2. Plaintiff's motion is moot and will therefore be denied.

        On February 9, 2011, plaintiff filed a document styled as a motion for production of documents. By this motion, plaintiff seeks expert testimony and documents from defendants

1

concerning issues related to the cause of plaintiff's hearing impairment. To the extent that this document is construed as a request for production of documents, it is improperly filed. Court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. To the extent this document may be construed as a motion for a court order requiring defendants to provide expert witnesses, as the court explained in its February 10, 2011 order, defendants do not have an obligation to provide expert witnesses for plaintiff. To the extent that this document may be construed as a motion for a court order requiring production of documents, plaintiff has made no showing that he previously served defendants with a proper discovery request. For all of these reasons, plaintiff's February 9, 2011 motion will be denied.

On April 5, 2011, defendants filed a motion to modify the scheduling order filed in this action to extend the deadline for filing dispositive motions from April 8, 2011 to April 29, 2011. On April 27, 2011, defendants filed a motion for summary judgment. Good cause appearing, defendants' April 5, 2011 motion will be granted and defendants' April 27, 2011 motion for summary judgment deemed timely filed. Defendants' motion shall be briefed in accordance with the provisions of Local Rule 230(l) and this court's order filed March 11, 2009.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 19, 2011 motion is denied as moot.

2. Plaintiff's February 9, 2011 motion is denied.

3. Defendants' April 5, 2011 motion to modify the scheduling order is granted.

4. The deadline for filing dispositive motions in this action is extended to April 29, 2011.

/////

/////

2

5. Defendants' April 27, 2011 motion for summary judgment is deemed timely filed. Said motion shall be briefed in accordance with the provisions of Local Rule 230(l) and this court's order filed March 11, 2009.

DATED: May 2, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
tuns3176.o3