IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT TUNSTALL, | | |
| | Plaintiff, | No. 2:08-cv-3176-WBS-JFM (PC) |
| vs. | | |
| MIKE KNOWLES, et al., | | |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed December 31, 2008. Therein, plaintiff claims defendants Mike Knowles, V. Kahle, J. P. Gonzalez, all officials at California Medical Facility (CMF), and N. Grannis, Chief of the Inmate Appeals Branch with the California Department of Corrections and Rehabilitation, have violated his federal constitutional and statutory rights by denying him access to sign language classes. Several motions for injunctive relief are pending before the court.

      On March 1, 2011, plaintiff filed a motion styled as a motion for a court order, by which he seeks an order prohibiting several prison officials from having contact with plaintiff. This motion is based on events that commenced in 2010, which plaintiff contends were retaliatory, and involved individuals not named as defendants in this action.

On April 8, 2011, plaintiff filed a motion styled as a motion for a court order by which he seeks an order requiring prison officials to provide him with clothing; he alleges that he has only one pair of pants, one shirt, two T-shirts, and two pairs of socks, all of which he had to buy on the "black market" at the prison. on November 23, 2010.

On July 1, 2011, plaintiff filed a motion for injunctive relief. Therein, he alleges that his request for a hardship transfer to Folsom State Prison, a prison that houses inmates with a low risk of violence, due to his wife's illness was denied and he was instead transferred to California State Prison-Sacramento (CSP-Sacramento), a prison that houses inmates with a high risk of violence. Plaintiff also alleges that the prison law librarian refused to make copies of his motion for injunctive relief. Plaintiff seeks an order requiring the prison law librarian to make and return copies and requests that the court to "ensure" his safety. Motion for Injunctive Relief, filed July 1, 2011, at 4. On July 26, 2011, plaintiff filed a motion seeking a court-ordered investigation of his transfer to CSP-Sacramento and a determination by the court whether his placement at that prison facility are "best for Plaintiff." Motion for Injunctive Relief, filed July 26, 2011, at 3.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a
/////

significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

None of the contentions raised in the foregoing motions for injunctive relief are cognizable as part of the underlying complaint.  For that reason, they will not be given a hearing on the merits in this action.  Accordingly, plaintiff's motions for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's March 1, 2011 motion for a court order be denied;

2.  Plaintiff's April 8, 2011 motion for a court order be denied;

3.  Plaintiff's July 1, 2011 motion for injunctive relief be denied; and

4.  Plaintiff's July 26, 2011 motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: September 13, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
tuns3176.inj2