IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                    No. 2:08-cv-3176 WBS JFM (PC)

    vs.

MIKE KNOWLES, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant prison officials at California Medical Facility (CMF) have violated his federal constitutional and statutory rights by denying him access to sign language classes. In his complaint (ECF No.1) plaintiff sought injunctive relief and money damages. By order filed September 7, 2010 (ECF No. 95), the district court dismissed plaintiff's request for prospective injunctive relief on his claims under the Americans with Disability Act (ADA) without prejudice to plaintiff's right seek relief as a member of the Armstrong class.[1] On February 15, 2012, defendants renewed a previously filed motion for

---

[1] Armstrong v. Brown is a class action proceeding in the United States District Court for the Northern District of California. At all times relevant to this action it has been in the remedial phase.

1

1  summary judgment (ECF No. 163).  Plaintiff filed his response on April 17, 2012 (ECF No.
2  165).  In the opposition, plaintiff contends, inter alia, that Armstrong does not preclude his
3  individual request for injunctive relief in this action, and the principal relief for which he argues
4  is an order permitting him to attend sign language classes.  See Response to Defendants' Motion
5  for Summary Judgment, filed April 17, 2012 (ECF No. 165), at 6.  In their reply, in relevant part,
6  defendants contend that the claim for injunctive relief has been dismissed and that they are
7  entitled to summary judgment as a matter of law on plaintiff's claim for damages.  Defendants'
8  Reply, filed April 23, 2012 (ECF No. 168) at 1.

9        On July 16, 2013, the United States Court of Appeals for the Ninth Circuit issued
10  a decision holding that the consent decree issued in another class action against the California
11  Department of Corrections and Rehabilitation (CDCR)[2] does not bar "[i]ndividual claims for
12  injunctive relief related to medical treatment" brought by inmates seeking individualized relief.
13  Pride v. Correa, 2013 WL 3742531, slip op. at 5 (9th Cir. July 16, 2013).  The decision in Pride
14  may bear directly on issues at bar.  In due course, the parties may be required to address the
15  application of Pride to this action.  However, before further briefing is required, the court will set
16  a mandatory settlement conference in this case.  Pursuant to Local Rule 270(b), the parties will
17  be directed to inform the court in writing as to whether they wish to proceed with the settlement
18  conference before the undersigned magistrate judge and waive any disqualification stemming
19  therefrom or if they prefer instead to be referred to another Magistrate Judge of this Court for the
20  settlement conference.[3]

21  ////

---

[2] Plata v. Brown, No. 01-1351 TEH, also is pending in the United States District Court for the Northern District of California and also is in the remedial phase.

[3] In light of the need for further briefing on central issues related to the availability of individual injunctive relief in this action, and good cause appearing, defendants' renewed motion for summary judgment will be denied without prejudice.  The court will, if necessary, issue a further order setting new deadlines for dispositive motions should the case continue after the mandatory settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, each party shall inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge and waive any disqualification or if they prefer instead to be referred to another Magistrate Judge of this Court for the settlement conference. If the parties wish to proceed before the undersigned magistrate judge, each party shall return to the court the consent form for settlement conferences provided with this order. If the parties do not wish the undersigned magistrate judge to preside at the settlement conference, each party shall file a declaration stating he wishes to be referred to another Magistrate Judge of this court for the settlement conference;

2. The Clerk of the Court is directed to send each party the consent form for settlement conferences; and

3. Defendants' February 15, 2012 renewed motion for summary judgment (ECF No. 163) is denied without prejudice.

DATED: July 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

12
tuns3176.o7